UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| STEFFANIE GILLENTINE, | ) |
| Plaintiff, | ) Case No.: 2:10cv123-P-S |
| vs. | ) PLAINTIFF'S COMPLAINT |
| | ) AND DEMAND FOR JURY TRIAL |
| FIRST SOURCE ADVANTAGE, LLC, | ) |
| Defendant. | ) |

## COMPLAINT

STEFFANIE GILLENTINE, ("Plaintiff"), through the undersigned counsel, ALEX SIMANOVSKY & ASSOCIATES, LLC, alleges the following against FIRST SOURCE ADVANTAGE, LLC, ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of MISSISSIPPI, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

1

## PARTIES

6. Plaintiff is a natural person residing in Horn Lake, MS.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company, with its corporate office located at: First Source Advantage, LLC, 205 Bryant Woods South, Buffalo, NY 14228.

10. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

### A. DEBT

11. Plaintiffs incurred a financial obligation in the approximate amount of $250.00 (the "Debt") to HSBC (the "Creditor") in connection with a credit card purchase at a David's Bridal.

12. The Debt arose from services allegedly provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

13. The Debt was purchased, assigned or transferred to First Source Advantage, LLC for collection, or First Source Advantage, LLC was employed by the Creditor to collect the Debt.

14. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. §1692a(2).

## B.　HARASSMENT AND ABUSIVE TACTICS

15.　Defendant calls Plaintiff from telephone numbers 866-880-5589 and 877-791-4448 seeking and demanding payment for the alleged debt.

16.　Defendant has caused Plaintiff's personal phone to ring and has engaged Plaintiff in telephone conversations repeatedly.

17.　Defendant began calling Plaintiff on or about May 2010.

18.　Plaintiff faxed a cease and desist letter to Defendant on June 24, 2010, but Defendant called Plaintiff the next day.

19.　Defendant's calls frequently devolve into screaming at the Plaintiff.

20.　Defendant calls Plaintiff at work after being told not to do so.

21.　Defendant left a voice message for Plaintiff on a machine that did not properly identify her.

22.　Defendant has increased the amount of the alleged debt from $250.00 to $551.46 by charging Plaintiff fees that were not agreed upon in the original terms creating the debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23.　Defendant violated the FDCPA based on the following:

　　a.) Defendant violated *§1692c(a)(3)* by repeatedly contacting Plaintiff at Plaintiff's place of employment even though Defendant knew that Plaintiff's employer prohibits the consumer from receiving such communications.

　　b.) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

c.) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at such place and time known or which should have been known to be inconvenient to Plaintiff.

d.) Defendant violated *§1692b(1)* of the FDCPA by contacting persons other than Plaintiff and failing to identify him/herself and failing to state the he/she is confirming or correcting location information concerning Plaintiff.

e.) Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount not authorized by the agreement creating the debt.

WHEREFORE, Plaintiff, STEFFANIE GILLENTINE, respectfully requests judgment be entered against Defendant, FIRST SOURCE ADVANTAGE, LLC , for the following:

a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

b. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

c. Actual damages,

d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STEFFANIE GILLENTINE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED. Dated: July 26, 2010.

By: _____
    Bruce L. Barker
    Attorney for Plaintiff

| | |
|---|---|
| Bruce L. Barker | Of Counsel to: |
| MS Bar No. 103247 | |
| ELMORE & ASSOCIATES | Alex Simanovsky & Associates, LLC |
| 401 E. Capitol St., Ste. 100M | 2300 Henderson Mill Road, Suite 300 |
| Jackson, MS 39201 | Atlanta, Georgia 30345 |
| Tel: 601-353-0054 | 678-781-1012 |
| Fax: 601-510-8188 | |
| barker.elmoreassoc@gmail.com | |